UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MURPHY,<br><br>  Plaintiff,<br><br>  v.<br><br>KAVO AMERICA CORPORATION, DANAHER CORPORATION, and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. CV 11 0410 YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART  DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF DOCUMENTS SUPPORTING ITS MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION** |

Kavo Dental Technologies, LLC ("KaVo") has moved the Court for an Order sealing various portions of documents supporting its Motion for Summary Judgment or Adjudication.

A motion to seal documents that are part of the judicial record is governed by the "compelling reasons" standard. *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178-79 (9th Cir. 2006)). The trial court must weigh relevant factors including the "public interest in understanding the judicial process and whether disclosure of the material could result

in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at 679 n. 6 (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir.1995)). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Id.* at 679.  Given the importance of the competing interests at stake, any sealing order must be narrowly tailored.  Civ. L.R. 79-5 (a).

### A.  *Personal and Personnel Information of Third Parties*

KaVo contends that certain portions of three depositions, as well as certain other documents produced in discovery, should be sealed because they contain the birthdates, sales performance rankings, and sales data for a group of employees, as well as draft performance improvement plans and testimony reflecting on those plans and/or possible termination of certain employees.  KaVo contends these documents implicate Constitutionally-protected privacy interests of KaVo's employees and former employees.  Employees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information such as dates of birth.  *See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (acknowledging privacy interests implicated by sensitive, personal identifying information); *Board of Trustees of Leland Stanford Jr. Univ. v. Sup. Ct.*, 119 Cal.App.3d 5165 (1981) (recognizing right of privacy in evaluations and other information in personnel file).  However, to the extent that redacting the identifying information would provide the Court, and the public, with meaningful information and not prejudice the individuals, documents containing private information should be filed in redacted form rather than sealed in their entirety.  *Foltz, supra,* 331 F.3d at 1137; *U.S. ex rel. Lockyer v. Hawaii Pac. Health*, 2007 WL 128853 (D. Haw. Jan. 10, 2007).  Third party privacy interests must be

balanced against the public's interest in understanding the decisions made by the Court as a public forum for administering justice.

In a case such as the one at bar, alleging illegal age discrimination in employment, some amount of comparative evidence regarding the age, performance, discipline, and termination of other employees is necessary. Thus, the Court cannot find compelling reasons to seal the entire deposition pages and documents. Balancing the privacy and public disclosure interests, the Court finds that a more narrowly tailed order to simply redact employee-identifying information is appropriate.

B.   *KaVo's Sales Information*

In addition, KaVo seeks to seal certain documents that include its sales data on the grounds that publicly disclosure of this information would put KaVo at a competitive disadvantage by revealing sales growth and decline, and therefore areas in which a competitor sales group might be able to seize KaVo's market share. Such concerns have been recognized as a legitimate basis for sealing information which otherwise has no bearing on the litigation before the court. *See*, *e.g., In re Adobe Systems, Inc. Sec. Litigation,* 141 FRD 155, 161-62 (N.D. Cal. 1992); *Stone v. Advance America, Cash Advance Centers, Inc.,* 2011 WL 662972 at *1 (S.D. Cal. 2011). There are thus compelling interests that overcome the public's right of access to such information within the documents. However, and as with the third party privacy interests above, the Court finds that sealing the entire document rather than redacting out the sensitive information is not sufficiently narrowly tailored to balance the competing interests here.

IT IS THUS ORDERED that KaVo's administrative motion to seal is GRANTED IN PART AND DENIED IN PART as follows:

1. The motion to seal the entire identified pages of Exhibits B, C, and D to the Declaration of Eden Anderson in Support of Defendant's Motion for Summary Judgment or

Adjudication is DENIED.[1]  To the extent KaVo wishes to rely on the evidence therein, KaVo may submit a redacted version of the testimony, identifying the persons to which the deponent is referring by first name and last initial, to be filed in the public record.  The Court notes that KaVo has taken a similar approach to identifying employees and former employees in its summary judgment motion papers.

2.  The motion to seal Exhibit Q, pages numbered KaVo 000329-330 and the Verification of Derek Snyder, is DENIED.  To the extent KaVo wishes to rely on the evidence therein, KaVo may submit a redacted version identifying employees by first name and last initial, and redacting out the month and day, but not the year of birth.

3.  The motion to seal Exhibit L in its entirety is DENIED.  To the extent KaVo wishes to rely on the evidence therein, KaVo may submit a redacted version identifying employees by first name and last initial, and redacting out all information other than the associated rank numbers for each employee and "change from prior month," where that information is provided.

4.  The motion to seal Exhibit M is GRANTED.  The document is replete with sales data that is highly sensitive for KaVo.  These concerns outweigh the public interest value of the information therein.  The document cannot be redacted to provide meaningful information otherwise.  The Court therefore finds compelling reasons to seal the entire document.

5.  With respect to Exhibits R and S, the Court finds that the documents contain both personnel information and sales information that are properly sealed from the public record, but that compelling reasons to seal the entire document have not been presented.  The motion is therefore DENIED.  To the extent KaVo wishes to rely on the evidence therein, KaVo may

---

[1] All further references to Exhibits refer to exhibits the Declaration of Eden Anderson in Support of Defendant's Motion for Summary Judgment or Adjudication unless otherwise state.

4

submit a redacted version identifying the employee by first name and last initial, and redacting all information under the headings of "objectives," *i.e,* Exh. R, pages 2-3; Exh. S, pages 3-5.

Should KaVo elect to file redacted versions of the documents as set forth herein, it must do so no later than May 7, 2012.  *See* Local Rule 79-5(e).  Otherwise the documents will not be considered.

**IT IS SO ORDERED.**

Dated: April 27, 2012

                                              **YVONNE GONZALEZ ROGERS**
                                              **UNITED STATES DISTRICT COURT JUDGE**